UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN B. DAVIS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO DISTRICT ATTORNEY;<br>MR. LEONARD TRINH; SAN DIEGO<br>POLICE DEPARTMENT; JOHN DOES,<br><br>　　　　　　　　　　Defendants. | Case No.: 17-CV-654 JLS (BGS)<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>(ECF No. 9) |

Presently before the Court is Plaintiff Gavin B. Davis's Emergency Motion for Preliminary Injunction. ("PI Mot.," ECF No. 9.) Also before the Court are Defendant San Diego District Attorney Leonard Trinh's and Defendant San Diego Police Department's responses in opposition to Plaintiff's motion, (ECF Nos. 11, 12, respectively), and Plaintiff's reply in support of his motion, ("PI Mot. Reply," ECF No. 16). After considering the parties' arguments and the law, the Court **DENIES** Plaintiff's motion.

/ / /
/ / /
/ / /
/ / /

## LEGAL STANDARD

The same standard governs TROs and preliminary injunctions. *Stuhlbard Int'l Sales Co. v. John D. Brush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)); *see also Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009); *Sierra Forest Legacy v. Rey*, 691 F. Supp. 2d 1204, 1207 (E.D. Cal. 2010). In the Ninth Circuit, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted) (concluding that this "sliding scale" approach survives after the Supreme Court's decision in *Winter*). This is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 20. To warrant injunctive relief, irreparable injury must be more than merely possible. *See Midgett v. Tri-Cty. Metro. Transp. Dist. of Or.*, 254 F.3d 846, 850 (9th Cir. 2001). Rather, the plaintiff must show "that he faces a real or immediate threat" that he will suffer irreparable harm. *Id.* Plaintiffs seeking a preliminary injunction carry a particularly "heavy burden" of proving their entitlement to it. *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010); *see also Munaf*, 553 U.S. at 689 ("A preliminary injunction is an 'extraordinary and drastic remedy.'").

///
///
///
///
///

# ANALYSIS

Plaintiff filed his emergency motion for preliminary injunction on April 25, 2017. (ECF No. 9.) In the Requested Relief section, Plaintiff requests:

1. That the Court "restrain[] Defendant SDDA from seeking Custody of the Plaintiff until such time as the California Attorney General fully opines on jurisdiction, as the Plaintiff alleges that each of Defendant Leonard and Defendant SDDA, do not have it, in any capacity";
2. That the Court "ensure . . . that Defendant SDPD, does not communicate, temporarily, with other police departments in an effort to seek Custody, prematurely and without legal right, of the Plaintiff";
3. That the Court enjoin Judge Jeffrey Fraser from presiding over his two criminal cases.

(PI Mot. 9–10[1].)

Plaintiff's motion fails. As an initial matter, Plaintiff's motion is difficult to understand. He appears to generally discuss events occurring in two of his state law cases. (*Id.* at 5–8.) Apparently Judge Jeffrey Fraser issued a bench warrant for Plaintiff's arrest on April 17, 2017, and Plaintiff has filed, in his state court cases, motions to remove Judge Fraser from presiding over his cases and a motion to quash the bench warrant. (*Id.* at 6.) Plaintiff alleges that on April 24, 2017, officers attempted to execute the arrest warrant, which Plaintiff argues caused him reputational harm. (*Id.* at 7.) Because Plaintiff argues he is contesting the validity of the warrant, he further argues that the officers do not have the authority to arrest him based on the same, and thus he apparently seeks an order from this Court barring officers from taking him into custody. (*Id.* at 7–8.)

---

[1] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

Although Plaintiff engages with the relevant *Winter* factors in support of his motion for a preliminary injunction, he fails to persuade the Court to grant him this "extraordinary" remedy. First, Plaintiff argues that "[t]here is a substantial likelihood that Plaintiff will prevail on the merits because the right to each of Due Process and counsel are some of the most basic and fundamental rights afforded to criminal defendants, which the Plaintiff is awaiting federal rulings on, while clearly not evading the law, and not a threat to anyone."[2] (*Id.* at 8.) This is insufficient to prove a likelihood of success on the merits. Among other things, Plaintiff does not explain what federal rulings he is "awaiting"; and, more fundamentally, "awaiting" a ruling on a matter is not indicative of a likelihood of success on that matter or otherwise. At the very least Plaintiff must explain <u>why</u> he is likely to succeed on those federal matters and, of course, how rulings on those matters are relevant to his requested relief. To the extent his motion is premised on his motions in state court, Plaintiff has failed to show that he will succeed in his challenge to Judge Fraser or any other relief he seeks in that forum.

Furthermore, Plaintiff, in a conclusory manner, states he "will suffer irreparable, and separately imminent harm, prima facie, if the preliminary injunction is not granted," and that "[t]here is no adequate remedy of law other than seeking this relief herein." (PI Mot. 8.) This is plainly insufficient to establish "a clear showing that [he] is entitled to such relief." *Winter*, 555 U.S. at 22. Finally, Plaintiff argues that an injunction is in the public interest because "the right to due process and/or the assistance of counsel are some of the most fundamental rights to be afforded to a criminal defendant . . . ." (*Id.* at 9; *see also* PI Mot. Reply 17.) While the Court agrees with this statement in the abstract, Plaintiff has not demonstrated a likelihood that these rights have been violated in this case. Additionally, Defendants argue that "Plaintiff does not seek to protect any public interests, and a superior court judge seems to have determined the opposite—that Plaintiff presents enough of a risk

---

[2] In his reply in support of his motion, Plaintiff further argues that "it is clear that the plaintiff's federal rights have been violated." (PI Mot. Reply 16.) But saying that does not make it so. Thus, Plaintiff has failed to demonstrate that he is likely to prevail on the merits of his case.

to others that he must be taken into custody." (*E.g.*, ECF No. 11, at 4.) On balance, the Court finds that the *Winter* factors do not favor a grant of injunctive relief, and that Plaintiff has failed to at least demonstrate serious questions going to the merits of his claims and that the balance of hardships tips sharply in his favor. Accordingly, the Court **DENIES** Plaintiff's Emergency Motion for Preliminary Injunction (ECF No. 9).[3]

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Emergency Motion for Preliminary Injunction (ECF No. 9).

**IT IS SO ORDERED.**

Dated: May 30, 2017

Hon. Janis L. Sammartino
United States District Judge

---

[3] For this reason the Court does not reach Defendants' alternative argument that the Court should abstain from hearing this case under the principles of *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny. The Court will, however, consider this argument—and others—in assessing Defendants' pending motions to dismiss.