UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN B. DAVIS,<br><br>                            Plaintiff,<br><br>v.<br><br>SAN DIEGO DISTRICT ATTORNEY; MR. LEONARD TRINH; SAN DIEGO POLICE DEPARTMENT; JOHN DOES,<br><br>                           Defendants. | Case No.: 17-CV-654 JLS (BGS)<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>(ECF Nos. 5, 6) |

Presently before the Court are Defendants San Diego District Attorney and Leonard Trinh's Motion to Dismiss Complaint for Failure to Allege a Short, Plain Statement and for Failure to State a Claim, ("MTD 1," ECF No. 5), and Defendant City of San Diego's Motion to Dismiss Plaintiff's Complaint, ("MTD 2," ECF No. 6). Also before the Court are Plaintiff Gavin B. Davis's response in opposition to one of these motions, ("MTD 2 Opp'n," ECF No. 7), and Defendant City of San Diego's reply in support of its motion, ("MTD 2 Reply," ECF No. 20). The Court vacated the hearing on the motions and took them under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 21.) After considering the parties' arguments and the law, the Court **GRANTS** Defendants' Motions to Dismiss (ECF Nos. 5, 6).

## LEGAL STANDARD

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679). Additionally, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

/ / /
/ / /
/ / /
/ / /

# ANALYSIS

Defendants move to dismiss Plaintiff's complaint for failure to meet the requirements of Federal Rule of Civil Procedure 8(a). (*See generally* MTD 1, MTD 2.) The Court agrees.

On March 31, 2017, Plaintiff filed a meandering forty-four-page Complaint that discusses various wrongs Plaintiff believes he has suffered. (*See* Compl., ECF No. 1.) Plaintiff generally describes two "incidents" which purportedly give rise to claims for relief against Defendants. In the first, Plaintiff appears to describe a restraining order that was enforced against him by his ex-wife and the San Diego Police Department. (*See id.* at 10–15.[1]) In the second, Plaintiff discusses his arrest inside superior court for what appears to be contempt of court. (*See id.* at 15–20.) Then Plaintiff describes events under the title of "other attempts at illegal pre-trial detention and custody of the plaintiff," (*id.* at 21–39), which are even more disjointed and difficult to comprehend than his previous two "incidents." After assessing Plaintiff's Complaint, the Court cannot discern the outlines of any particular claim for relief and thus agrees with Defendants that Plaintiff has failed to give them fair notice of the claims against them. Accordingly, the Court **GRANTS** Defendants' Motions to Dismiss. *See, e.g.*, *Davis v. Unruh*, No. 16-56306, 2017 WL 695206, at *1 (9th Cir. Feb. 22, 2017) (affirming the court's dismissal of this Plaintiff's complaint for failure to satisfy Rule 8); *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011) (collecting cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling"); *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.").

---

[1] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

The Court will grant Plaintiff an opportunity to amend his Complaint to address the deficiencies set forth above and as outlined by Defendants in their motions. In the amended complaint, Plaintiff must <u>succinctly</u> specify who did what, when the events occurred, and how Plaintiff was harmed by the alleged conduct.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motions to Dismiss (ECF Nos. 5, 6). Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (ECF No. 1). Plaintiff **SHALL FILE** an amended complaint, if any, <u>on or before thirty (30) days of the date on which this order is electronically docketed</u>. *Failure to file an amended complaint within this time period may result in this case being dismissed with prejudice.*

**IT IS SO ORDERED.**

Dated: July 12, 2017

*[signature]*
Hon. Janis L. Sammartino
United States District Judge