UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN B. DAVIS,<br><br>                  Plaintiff,<br><br>v.<br><br>SAN DIEGO DISTRICT ATTORNEY; MR. LEONARD TRINH; MR. DAVID T. GRAPILON; MS. BONNIE DUMANIS; MR. JOH GREGORY UNRUH,<br><br>                  Defendants. | Case No.: 17-CV-654 JLS (BGS)<br><br>**ORDER DENYING REQUEST FOR U.S. MARSHAL SERVICE**<br><br>(ECF No. 40) |

    Presently before the Court is Plaintiff Gavin B. Davis's "Request for U.S. Marshall [sic] for Service on Defendnat [sic] Greg for Cause." ("Service Mot.," ECF No. 40.) Plaintiff moves the Court to provide U.S. marshal service on Defendant John Gregory Unruh. (*Id.*)

    Rule 4 of the Federal Rules of Civil Procedures provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Subsection (c)(3) of Rule 4 allows the court to order that service be made by a United States marshal or deputy marshal at the plaintiff's request. Fed. R. Civ. P. 4(c)(3). "The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916." *Id.*

Plaintiff is neither proceeding *in forma pauperis* nor a seaman under the applicable statute. However, the plain language of Rule 4(c)(3) leaves district courts with discretion to order service by a marshal in other circumstances. *See, e.g.*, *Holcomb v. Cal. Bd. of Psychology*, No. 215CV02154KJMCKD, 2015 WL 6951731, at *1 (E.D. Cal. Nov. 10, 2015); *see also Ovalle v. Fresno Bee Newspapers*, No. CV08-6751 PSG (SHX), 2009 WL 398094, at *1 (C.D. Cal. Feb. 13, 2009) (noting that the Advisory Committee Notes provide examples where the Court should exercise its discretion in the plaintiff's favor, such as "where a law enforcement presence appears to be necessary or advisable to keep the peace, or in actions brought by the United States").

Plaintiff argues that he has unsuccessfully tried to serve Defendant Unruh on twelve previous occasions. (Service Mot. 2.) But Plaintiff provides no evidence that law enforcement presence appears to be necessary, or that other unusual circumstances exist for the Court to exercise its discretion to provide marshal service. Nor has Plaintiff demonstrated that he has attempted to serve Defendant Unruh <u>in this case</u>; his evidence of prior service attempts concern unrelated cases. (*Id.* at 3–9.) Even if Plaintiff's evidence were relevant to this case, such evidence simply demonstrates that he has failed to properly serve Defendant Unruh. However, "[a]s one court has noted, 'the history and purpose of the Rule does not favor Plaintiff's request in such a case.'" *Vahidallah v. Chase Bank*, No. 13CV590-MMA BLM, 2013 WL 3777181, at *1 (S.D. Cal. July 16, 2013) (quoting *Peabody v. United States*, 2006 WL 1407356 (D. Ariz. Apr. 18, 2006)). "And while the Court is bound to afford Plaintiff more latitude than litigants represented by counsel to correct defects in service of process and pleadings, it is not obligated to impose the duty of service of process on the USMS because a *pro se* litigant has failed to successfully serve his complaint due to ignorance or misunderstanding of the rules regulating service." *Id.*
/ / /
/ / /
/ / /
/ / /

(internal quotation marks and citation omitted). Accordingly, the Court **DENIES** Plaintiff's request for service under Rule 4(c)(3).

**IT IS SO ORDERED.**

Dated: August 4, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge