UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN B. DAVIS,<br><br>            Plaintiff,<br><br>v.<br><br>SAN DIEGO DISTRICT ATTORNEY; MR. LEONARD TRINH; SAN DIEGO POLICE DEPARTMENT; JOHN DOES,<br><br>            Defendants. | Case No.: 17-CV-654 JLS (BGS)<br><br>**ORDER: (1) GRANTING MOTION TO DISMISS;**<br>**(2) DENYING AS MOOT MOTION FOR PROTECTIVE ORDER;**<br>**(3) DENYING AS MOOT MOTION FOR JOINDER; AND**<br>**(4) DENYING AS MOOT MOTION FOR ACCESS TO COURTS**<br><br>(ECF Nos. 34, 44, 59, 63) |

  Presently before the Court are Defendants Bonnie Dumanis, Leonard Trinh, and David T. Grapilon's Motion to Dismiss Second (Labelled "First") Amended Complaint, ("MTD," ECF No. 44). Also before the Court are Plaintiff Gavin B. Davis's Response in Opposition, ("Opp'n," ECF No. 48), and Defendants' Reply in Support of, ("Reply," ECF No. 50), their Motion to Dismiss. The Court vacated the hearing on the motion and took it under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 51.)

  Also before the Court are various ex parte motions filed by Plaintiff including a Motion for Protective Order, (ECF No. 34), a Motion for Joinder, (ECF No. 59), and a

Motion for Access to the Courts, (ECF No. 63). The Court will address Plaintiff's Motions at the conclusion of the Motion to Dismiss. After considering the parties' arguments and the law, the Court **GRANTS** Defendants' Motions to Dismiss, (ECF No. 44).

## LEGAL STANDARD

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679). Additionally, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

/ / /

# ANALYSIS

## I. Motion to Dismiss

Defendants move to dismiss Plaintiff's complaint for failure to meet the requirements of Federal Rule of Civil Procedure 8(a). (*See generally* MTD.)

### A. Procedural History

On March 31, 2017, Plaintiff filed a meandering forty-four-page Complaint that discusses various wrongs Plaintiff alleges he has suffered. (*See* ECF No. 1.) Defendants San Diego District Attorney and Leonard Trinh filed a motion to dismiss, (ECF No. 5), as did Defendant City of San Diego (erroneously sued as San Diego Police Department), (ECF No. 6). Plaintiff filed a motion for preliminary injunction. (ECF No. 9.) The Court denied the preliminary injunction, (ECF No. 19), which Plaintiff appealed to the Ninth Circuit, (ECF No. 22). In the interim, this Court granted Defendants' motions to dismiss and dismissed without prejudice Plaintiff's Complaint because Plaintiff failed to meet the requirements of Rule 8. Instead of a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Plaintiff filed a complaint that described events that were "disjointed and difficult to comprehend." ("Prior Order," ECF No. 31, at 3.) The Court found that Plaintiff failed to give Defendants fair notice of the claims against them. (*Id.*)

Plaintiff filed a First Amended Complaint, (ECF No. 32), and then filed a Second Amended Complaint, (Second Am. Compl., ("SAC"), ECF No. 37), but labeled the latter as his "First Amended Complaint." The Court will refer to his current operative complaint as Plaintiff's Second Amended Complaint. The Second Amended Complaint no longer alleges the City of San Diego as a defendant, (*id.* ¶ 7), and instead names several San Diego district attorneys (collectively "Defendants"). Defendants filed the present Motion to Dismiss. Plaintiff also filed various motions, which the Court discusses below. Most recently, the Ninth Circuit affirmed this Court's Order denying preliminary injunctive relief. (ECF No. 64.) This brings the Court to the merits of Plaintiff's Seconded Amended Complaint.

### B. Plaintiff's Complaint

The Court previously dismissed Plaintiff's complaint because the Court could not "discern the outlines of any particular claim against Defendants." (Prior Order 3.) Plaintiff's Second Amended Complaint is fifty-four pages, longer than his original Complaint. Plaintiff attempts to cure his deficiencies from his Complaint and brings claims under 42 U.S.C. § 1983 for violations of his rights guaranteed by the 4th, 5th, and 14th Amendments.[1] (SAC ¶ 8.) Specifically, Plaintiff alleges that he has been the subject of vindictive prosecution by Defendant Trinh, abuse of process by all Defendants, and selective and discriminatory prosecution by all Defendants. (*Id.* ¶ 12.) Plaintiff is a criminal defendant in ongoing state court proceedings. (*See, e.g.*, *id.* ¶ 33 ("In mid-November 2016, the Plaintiff retained private criminal defense attorney . . . to represent him in [Case Number] SDC266332 and SDC267655."); *see also* Opp'n 5.)

Plaintiff alleges that Defendant Trinh "has repeatedly attempted to remand the Plaintiff to custody, constituting pre-trial detention (illegal)." (SAC ¶ 30.) For example, he alleges that on October 5, 2016, Mr. Trinh requested Plaintiff be remanded to custody without bail. (*Id.* ¶ 31.) Mr. Trinh again requested custody without bail on January 27, 2017 and Plaintiff alleges this was in retaliation for Plaintiff adding Mr. Trinh to his federal civil litigation. (*Id.* ¶ 35.) In sum, Deputy District Attorney "Trinh, and other parties, are doing everything that they possible [sic] can to violate, pre-trial, the Plaintiff's rights." (*Id.* ¶ 41.)

It also appears that Plaintiff left the state of California on April 17, 2017 and went to Vermont or Texas or both. (*Id.* ¶ 44.) He had hearings in his criminal case around the same time and Defendant Grapilon attempted to extradite Plaintiff back to California from custody in Vermont. (*See id.*) It appears that the core of Plaintiff's complaint is that the bail and custody procedures set by Defendants in their state criminal prosecution against

---

[1] Plaintiff also alleges that his claims are actionable under 18 U.S.C. § 242. (*See* SAC ¶ 30.) Section 242 prohibits deprivation of rights under color of law; however, this is a criminal statute that does not provide civil remedies or a private cause of action. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Plaintiff are violating his rights. (*See id.* ¶ 50.) Plaintiff's allegations continue in this same vein and throughout are verbose, unintelligible, and overcomplicated.

This Court previously granted Defendants' motions to dismiss because Plaintiff failed to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." (*See* Prior Order 3.) Defendants renew their Rule 8 argument in the present Motion to Dismiss. (*See* MTD 4–5.) Plaintiff argues that his Second Amended Complaint is a plain and simple Rule 8 statement. (Opp'n 5.) He argues that his complaint "explicitly states Defendant Leonard [Trinh]'s repeated attempts at pre-trial detention and custody, 4th Amendment violations, of the Plaintiff." (*Id.* at 6.)

To establish liability under section 1983, Plaintiffs must show (1) that they were deprived of a right secured by the United States Constitution or a federal law and (2) that the deprivation was effected "under color of state law." *Broam v. Bogan,* 320 F.3d 1023, 1028 (9th Cir. 2003) (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978)) (internal quotation marks omitted). It is true that Plaintiff has identified some semblance of a legal theory, but the factual allegations supporting the theory are confusing and verbose. After assessing Plaintiff's Second Amended Complaint, the Court cannot discern the outlines of his section 1983 claim and thus agrees with Defendants that Plaintiff has failed to give them fair notice of the claims against them. Accordingly, the Court **GRANTS** Defendants' Motions to Dismiss. *See, e.g.*, *Davis v. Unruh*, No. 16-56306, 2017 WL 695206, at *1 (9th Cir. Feb. 22, 2017) (affirming the court's dismissal of this Plaintiff's complaint for failure to satisfy Rule 8); *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011) (collecting cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling"); *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.").

Because Plaintiff is proceeding pro se and alleges a civil right cause of action, the

Court will grant Plaintiff an opportunity to amend his complaint to address the deficiencies set forth above. In light of the foregoing, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Second Amended Complaint. If Plaintiff chooses to file an amended complaint, he should adhere to Rule 8's requirement for a "**short and plain** statement of the claim" and that "[e]ach allegation **must be simple, concise, and direct**." Fed. R. Civ. P. 8(a)(2), (d)(1) (emphasis added).

## II. Motion for Protective Order

Plaintiff requests the Court issue a protective order "proscribing extrajudicial statements by any lawyer, party, witness, court official, or law enforcement officer concerning this case." (ECF No. 34, at 3.) Plaintiff cites *Sheppard v. Maxwell*, 384 U.S. 333, 362 (1966), for the proposition that trial courts have a duty to ensure that "adverse publicity does not compromise the defendant's constitutional right to a fair trial." (ECF No. 34, at 5.) He also cites *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 601 (1976) (Brennan, J., concurring), to emphasize that the "case for restraints on trial participants is especially strong with respect to attorneys." (ECF No. 34, at 6.) The California Supreme Court has expressed similar sentiments. *See People v. McKinzie*, 54 Cal. 4th 1302, 1326 (2012), *overruled on other grounds by People v. Scott*, 61 Cal. 4th 363 (2015).

Obviously, Plaintiff is not a criminal defendant in his case before this Court and *Sheppard* does not apply to a plaintiff in a civil action. The Sixth Amendment requires that "[i]n all criminal prosecutions, the accused shall enjoy the right to a . . . trial, by an impartial jury." U.S. Const. amend. VI. *Sheppard* and its progeny, *see Levine v. U.S. Dist. Court for Cent. Dist. of Cal.*, 764 F.2d 590, 596 (9th Cir. 1985), are grounded in a defendant's Sixth Amendment right to a trial by an impartial jury. Plaintiff enjoys no such right when he is not, as in this federal civil litigation, the defendant in a criminal trial.

To the extent Plaintiff is requesting the proposed relief for his state court prosecution, this Court cannot order a state court to carry out the relief requested. The Court is barred from ordering relief because the Court dismissed Plaintiff's operative complaint. In light of the foregoing, the Court **DENIES AS MOOT** Plaintiff's Motion for

Protective Order (ECF No. 34).

## III. Motion for Joinder

Plaintiff requests permission to join the San Diego County Sheriff's Department under Federal Rule of Civil Procedure 20. (ECF No. 59-1, at 8.) Plaintiff generally alleges that the Sheriff's Department is wrongfully denying his access to the prison law library. (*Id.* at 4 ("During current period of pre-trial detention, Plaintiff's reasonable . . . legal requests for access to the 5th floor law library at [San Diego County Jail] were denied.").) Plaintiff filed a grievance with the Sheriff's Department, which was rejected because he was told that he is not a "pro-per inmate" and would be given access to the law library once he becomes a pro per inmate. (*Id.*)

The Court finds that because it granted Defendants' motion to dismiss and dismissed without prejudice Plaintiff's Second Amended Complaint, *see supra* section I, it cannot grant Plaintiff's motion. Plaintiff may refile his complaint and allege any claims he might have against any new defendants if and when he files an amended complaint. Therefore, the Court **DENIES AS MOOT** Plaintiff's Motion for Joinder, (ECF No. 59).

## IV. Motion for Access to Courts

Plaintiff is currently housed in the George Baily Detention Facility. (ECF No. 63, at 3.) Plaintiff describes various instances where his "professional visit[s]" with his criminal defense attorney were delayed. (*Id.*) For example, on December 21, 2017 Plaintiff's attorney was made to wait approximately two hours to see Plaintiff regarding his state criminal case. (*Id.* at 2–3.) The next day the San Diego Sheriff's Department interrupted and questioned Plaintiff's attorney. (*Id.* at 3.) On December 22, 2017, Plaintiff's attorney was told that the "professional visit[s]" between Plaintiff and his counsel would immediately cease without court order. (*Id.*)

Plaintiff requests the Court issue some relief providing his defense counsel with access to the Plaintiff while he is in detention. As before, the Court finds that because it granted Defendants' motion to dismiss and dismissed without prejudice Plaintiff's Second Amended Complaint, *see supra* section I, it cannot grant Plaintiff's motion. Plaintiff may

7

17-CV-654 JLS (BGS)

refile his complaint and allege any claims he might have against any new defendants if and when he files an amended complaint. Therefore, the Court **DENIES AS MOOT** Plaintiff's Motion, (ECF No. 63).

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss, (ECF No. 44). Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Second Amended Complaint, (ECF No. 37). Additionally, the Court **DENIES AS MOOT** Plaintiff's pending motions, (ECF Nos. 34, 59, 63). Plaintiff **SHALL FILE** an amended complaint, if any, <u>on or before thirty (30) days of the date on which this order is electronically docketed</u>. *Failure to file an amended complaint within this time period may result in this case being dismissed with prejudice.*

**IT IS SO ORDERED.**

Dated: February 26, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge