UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN B. DAVIS,<br><br>        Plaintiff,<br><br>v.<br><br>SAN DIEGO DISTRICT ATTORNEY; MR. LEONARD TRINH; SAN DIEGO POLICE DEPARTMENT; JOHN DOES,<br><br>        Defendants. | Case No.: 17-CV-654 JLS (BGS)<br><br>**ORDER: (1) GRANTING MOTION TO DISMISS; (2) DISMISSING COMPLAINT; (3) DENYING MOTION FOR SUMMARY JUDGMENT; (4) DENYING MOTION FOR DECLARATORY JUDGMENT; AND (5) DENYING EX PARTE MOTION FOR JOINDER**<br><br>(ECF Nos. 76, 77, 81, 94) |

  Presently before the Court are Defendants Leonard Trinh and San Diego District Attorney's Motion to Dismiss Third Amended Complaint, ("MTD," ECF No. 76). Also before the Court are Plaintiff Gavin B. Davis's Response in Opposition, ("Opp'n," ECF No. 84), and Defendants' Reply in Support of, ("Reply," ECF No. 85), the Motion to Dismiss.[1] Additionally, Plaintiff filed a Motion for Summary Judgment, (ECF No. 77), to

---

[1] Plaintiff filed a sur-reply in response to Defendants' Reply, (ECF No. 87). The Local Rules do not allow for sur-replies. "District courts have the discretion to either permit or preclude the filing of a sur-reply." *Estate of Alvarado v. Tackett*, No. 13-CV-1202 W (JMA), 2018 WL 1141502, at *1 (S.D. Cal. Mar. 2, 2018) (citing *Johnson v. Wennes*, No. 08-CV-1798-L (JMA), 2009 WL 1161620, at *2 (S.D. Cal. Apr. 28, 2009)). Courts generally exercise discretion when a valid reason exists, such as where the movant

which Defendants filed a Response in Opposition, (ECF No. 79), and Plaintiff filed a Reply, (ECF No. 83). The Court vacated the hearing on both motions and took them under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 88.) Finally, Plaintiff filed a motion requesting the Court judicially notice certain facts and further requesting declaratory relief, (ECF No. 81), as well as an *ex parte* "Motion for FRCP 19 Compulsory Joinder," (ECF No. 94). Having considered the parties' arguments and the law, the Court rules as follows.

## BACKGROUND

This case arises out of allegations that Defendant District Attorney Trinh "is Vindictively and Maliciously Prosecuting the Plaintiff" in a state criminal case currently pending before the Superior Court of San Diego: *State of California v. Gavin B. Davis*, No. SCD266332. (Third Am. Compl. ("TAC"), ECF No. 72, ¶ 10.) Plaintiff further alleges that Defendant Trinh has attempted to remand Plaintiff to the San Diego County Sheriff's Department on an unreasonable and excessive bail. (*Id.*)

In March 2016, the San Diego police department arrested Plaintiff for reasons not disclosed by Plaintiff. (*Id.* ¶ 13.) He does state, however, that he posted bail and Defendant San Diego District Attorney's Office brought a case against him—*State v. Davis*, No. SCD266332. (*Id.*) Then, in June 2016, Plaintiff was arrested again by the San Diego police for perjury and fraud; Plaintiff was released on $50,000 bail. (*Id.* ¶ 14.) Plaintiff alleges that a case was opened against him with respect to these charges as case number SCD267655, which was later consolidated with case number SCD266332. (*Id.*) Plaintiff states that the charges for the June 2016 arrest were subsequently dropped in August 2017. (*Id.*)

On October 5, 2016, Defendant Trinh moved the state trial court to remand Plaintiff to custody without bail, which the court granted. (*Id.* ¶ 15.) On October 18, 2016, the San

---

raises new arguments in the Reply brief. *Id.* (citation omitted). Here, Defendants do not advance any new arguments in their Reply brief and the Court declines to exercise its discretion to consider Plaintiff's sur-reply. Accordingly, the Court **STRIKES** the document from the record, (ECF No. 87).

Diego Sheriff's Department transferred Plaintiff from George Baily Donovan Facility to San Diego Central Jail. (*Id.* ¶ 19.) On October 19, 2016, Plaintiff alleges that he was given a "1368 Examination,"[2] which Plaintiff says he passed "with flying colors." (*Id.* ¶¶ 20–21.) On November 2, 2016, Defendant Trinh requested bail in the amount of $200,000, but Plaintiff states that the state trial court set bail at $10,000. (*Id.* ¶ 22.) In November 2016, Plaintiff retained counsel for his two criminal cases, (*id.* ¶ 24), but his counsel withdrew on January 27, 2017, citing a conflict of interest, (*id.* ¶ 25). Plaintiff alleges that at the same January 27th hearing, Mr. Trinh requested Plaintiff be remanded to custody without bail, which the trial court denied. (*Id.* ¶ 26.)

Plaintiff did not attend his next court appearance on April 17, 2017, which resulted in the trial court issuing two bench warrants and increasing Plaintiff's bail, at Defendant Trinh's request, from $10,000 to $50,000 in No. SCD266332 and from $50,000 to $100,000 in No. SCD26765. (*Id.* ¶ 28.) Plaintiff traveled to Vermont in April 2017 and the U.S. Marshal Service arrested him there in May 2017. (*Id.* ¶ 30.) Plaintiff states that he posted bail in Vermont, (*id.*), as well as posting the $50,000 bond in No. SCD266332 and retaining new counsel, (*id.* ¶ 31). Plaintiff appeared before the trial court in California on July 7, 2017, where the court ordered Plaintiff to post a $100,000 bond or be remanded to custody the same day. (*Id.* ¶ 32.) Plaintiff states he was able to post the $100,000 bond. (*Id.*)

In August 2017, the San Diego District Attorney's Office notified Plaintiff's new counsel that Plaintiff was to be arraigned on a new criminal charge for failing to appear at the April 2017 hearing. (*Id.* ¶ 34.) Plaintiff appeared for the new criminal charge and was released on his own recognizance. (*Id.*) Plaintiff's next hearing was October 10, 2017, and Plaintiff alleges that he appeared for the morning court session, but was unable to attend the afternoon session having been admitted to the University of California, San

---

[2] The Court assumes a 1368 examination refers to California Penal Code § 1368, which generally allows the court to suspend criminal proceedings if the court doubts the mental competence of the defendant.

Diego's Emergency Department. (*Id.* ¶ 37.) As a result, Defendant Trinh requested bail be increased to $1,000,000. (*Id.*) Plaintiff offered to surrender to the District Attorney's office several times throughout October 2017. (*Id.* ¶ 39.) Instead, Plaintiff alleges he was arrested on November 1, 2017, (*id.*), and remained in custody until April 23, 2018, (*id.* ¶ 40). While in custody, Plaintiff alleges he was not allowed access to the law library and was denied access to his attorney. (*Id.*) Plaintiff entered a plea agreement and was released on his own recognizance on April 23, 2018. (*Id.* ¶¶ 41–42.) Plaintiff filed his Third Amended Complaint on May 15, 2018.

Plaintiff brings six claims. First, Plaintiff brings a claim under 42 U.S.C. § 1983 against both Defendant Trinh and his employer the San Diego District Attorney's office for violation of Plaintiff's Fourth Amendment rights. (*Id.* ¶ 11.) Second, Plaintiff brings § 1983 claim against Defendant Trinh for violating his Eighth Amendment rights due to excessive bail as well as an alleged beating Plaintiff suffered while in detention on October 20, 2016. (*Id.*) Third, Plaintiff brings the same claims against Defendant San Diego District Attorney's office. Fourth, Plaintiff alleges a § 1983 claim for deprivation of his Fifth and Fourteenth Amendment rights based on Defendant Trinh's denial of his access to the courts. (*Id.*) Plaintiff's fifth cause of action is for the same allegations against Defendant San Diego District Attorney's office. (*Id.*) Plaintiff's sixth cause of action is against both Defendants for § 1983 malicious prosecution.

This lawsuit has been lingering in this Court for more than a year. Plaintiff filed his original forty-four-page Complaint in March 2017. (ECF No. 1.) In response, Defendants San Diego District Attorney and Leonard Trinh filed a motion to dismiss, (ECF No. 5), as did Defendant City of San Diego (erroneously sued as San Diego Police Department), (ECF No. 6). Plaintiff filed a motion for preliminary injunction. (ECF No. 9.) The Court denied the preliminary injunction, (ECF No. 19), which Plaintiff appealed to the Ninth Circuit, (ECF No. 22). In the interim, this Court granted Defendants' motions to dismiss and dismissed Plaintiff's complaint without prejudice. Plaintiff filed a First Amended Complaint, (ECF No. 32), and then filed a Second Amended Complaint, (ECF No. 37), but

labeled the latter as his "First Amended Complaint." The Ninth Circuit affirmed this Court's Order denying preliminary injunctive relief. (ECF No. 64.) The Court granted Defendants' motion and dismissed Plaintiff's Second Amended Complaint. Plaintiff filed his Third Amended Complaint, which only named Defendants Trinh and San Diego District Attorney's Office. Defendants responded with the current Motion to Dismiss based under Rules 12(b)(1) and 12(b)(6).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent

with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

Additionally, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## ANALYSIS

Defendants move to dismiss Plaintiff's complaint on four grounds. They argue Plaintiff's claims are barred by both absolute immunity and the *Younger* abstention doctrine. (*See* MTD 4–5.)[3] Defendants further contend that to the extent Plaintiff's allegations are not intimately associated with the judicial phase of the criminal process, he fails to meet the Rule 8 pleading requirement. (*Id.* at 6–7.) Finally, they argue Plaintiff is abusing the legal process. (*Id.* at 7.)

### I. Absolute Immunity for Defendant Trinh

Defendants contend that all of Plaintiff's claims arise from the prosecution of his criminal charges and both state and federal law grant prosecutors immunity from civil suits arising from criminal prosecutions. (*Id.* at 4 (citing *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976); and Cal. Gov. Code § 821.6).) Defendants point out that a criminal

---

[3] Pin citations to docketed material refer to the CM/ECF page numbers electronically stamped at the top of each page.

defendant who feels aggrieved by a prosecutor's conduct in a criminal prosecution must seek recourse in the criminal proceedings, not a collateral civil lawsuit.

Plaintiff responds that cases concerning a Fourth Amendment false imprisonment claim, brought under 42 U.S.C. § 1983, are immediately actionable. (Opp'n 6 (citing *Wallace v. Kato*, 549 U.S. 384, 389–93 (2007)).)

State prosecutors, like Defendant Trinh, are entitled to absolute prosecutorial immunity for acts taken in their official capacity. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009); *Imbler*, 424 U.S. at 430–31 (holding prosecutors absolutely immune from civil suits for damages under § 1983 for initiating criminal prosecutions and presenting cases). "[A]bsolute immunity may not apply when a prosecutor is not acting as 'an officer of the court,' but is instead engaged in other tasks, say investigative or administrative tasks." *Van de Kamp*, 555 U.S. at 342 (quoting *Imbler*, 424 U.S. at 431 n.33). The burden of showing absolute immunity falls on the official seeking to assert it and the Supreme Court has emphasized that courts are "quite sparing" in recognition of absolute immunity. *Burns v. Reed*, 500 U.S. 478, 486–87 (1991) (quoting *Forrester v. White*, 484 U.S. 219, 224 (1988)).

Courts take a functional approach to determining whether immunity applies; thus, the Supreme Court has applied absolute immunity where a prosecutor initiates a judicial proceeding or appears in court to present evidence for a search warrant. *Van de Kamp*, 555 U.S. at 343 (citations omitted). Conversely, absolute immunity does not apply when a prosecutor gives advice to police during a criminal investigation, when a prosecutor makes statements to the press, or when a prosecutor acts as a complaining witness in support of a warrant. *Id.* (citations omitted).

The decisions taken by Defendant Trinh in Plaintiff's state criminal cases all fall within the traditional scope of absolute immunity. Actions such as requesting a criminal defendant be remanded to custody, adding or dropping criminal charges, and requesting significant bail amounts are all prosecutorial decisions and not investigative or administrative. *See Ismail v. Cnty. of Orange*, 917 F. Supp. 2d 1060, 1068 (C.D. Cal.

2012), *aff'd* 676 Fed. App'x 690, 691 (9th Cir. 2017). These actions encompass every claim Plaintiff alleges against Defendant Trinh. (*See* TAC ¶ 11 (alleging the following against Defendants: attempting to remand Plaintiff to custody, requesting excessive bail amounts, placing Plaintiff in custody, and engaging in malicious prosecution).)

Plaintiff's argument to the contrary is unavailing. *Wallace v. Kato*, 549 U.S. at 387, dealt with whether a petitioner's § 1983 suit was time barred, not with absolute immunity. Absolute immunity is, by definition, absolute and is not limited by the type of § 1983 suit. *See Imbler*, 424 U.S. at 429 (discussing remedies for prosecutorial misconduct other than § 1983). Accordingly, the Court **GRANTS** the Motion to Dismiss and **DISMISSES WITH PREJUDICE** all claims against Defendant Trinh.

## II. Supervisory Absolute Immunity

In *Van de Kamp v. Goldstein*, 555 U.S. at 340, the question before the Supreme Court was whether absolute immunity applied to allegations against the supervisors of trial prosecutors for failure to "adequately [] train and [] supervise" their subordinate prosecutors. The plaintiff in the case did not argue the supervisory prosecutors themselves erred in the criminal trial; instead, he argued the supervisors were liable because their "*general* methods of supervision" caused a "consequent error by an individual prosecutor" at trial. *Id.* at 346. The Supreme Court held that absolute immunity barred the plaintiff's claims against the supervisory prosecutors. *Id.* at 344–46.

In *Torres v. Goddard*, 793 F.3d 1046, 1049 (9th Cir. 2015), the Ninth Circuit dealt with a case where the Arizona Attorney General's office issued seizure warrants for money wire transfers that enabled human trafficking over the U.S.-Mexico border. Specifically, the court addressed an allegation that the Attorney General ratified seizure warrants and whether the Attorney General had absolute immunity for his subordinate's actions. The plaintiffs in *Torres* argued that their claims arose from the Attorney General's acquiescence and ratification of his subordinate's procurement of particular seizure warrants. *Id.* at 1058. The court applied *Van de Kamp*'s absolute immunity rule to the Attorney General because there was

> no functional difference between a civil forfeiture prosecutor's preparation and application for seizure warrants, and his supervisor's decision to allow him to engage in those activities. A supervisor's decision to permit a subordinate prosecutor to prepare and apply for seizure warrants is an "act[] undertaken by [the supervisor] in preparing for the initiation of judicial proceedings," and "occur[s] in the course of [the supervisor's] role as an advocate for the [s]tate."

*Id.* (alterations in original) (quoting *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997)).

Here, Plaintiff's TAC does not clearly distinguish between the actions taken by Defendant Trinh and those taken by San Diego District Attorney's Office. He alleges, for example, that he is bringing a § 1983 claim "related to Defendant Leonard [Trinh]'s clear pattern of attempting to remand the Plaintiff (defendant therein) to custody, pre-trial, in his prosecution (SCD2666332) of the Plaintiff, on behalf of Defendant SDDA." (TAC ¶ 11.) Plaintiff also alleges that after his March 2016 arrest, "Defendant SDDA brought case no: SCD266332, [*State of California*] *v. Gavin B. Davis*, against the Plaintiff." (*Id.* ¶ 13 (alteration in original).) Later in the complaint, Plaintiff alleges that after his May 2017 arrest in Vermont, "Defendant Leonard [Trinh] and Defendant SDDA aggressively sought extradition." (*Id.* ¶ 30.) In August 2017, Plaintiff alleges that the San Diego District Attorney's Office notified Plaintiff's counsel that he would be arraigned on a new criminal charge. (*Id.* ¶ 34.) When Plaintiff appeared for arraignment, "Defendant [San Diego District Attorney], with a reasonable attorney of its employ at the arraignment, agreed to grant the Plaintiff (defendant therein), release on his Own Recognizance." (*Id.*)

At their core, Plaintiff's allegations against the San Diego District Attorney's Office are essentially a placeholder for actions by prosecutors other than Defendant Trinh. Whether those attorneys are fellow trial attorneys who appeared in lieu of Defendant Trinh or are supervisory attorneys who directed or ratified Trinh's trial related decisions, the outcome is the same. The foregoing allegations demonstrate that all actions and decisions by the District Attorney's office related to the initiation of judicial proceedings or occurred

in the course of a supervisor's role as an advocate for the state.[4] *See Torres*, 793 F.3d at 1058. Absolute immunity applies here.

"Indeed, if the rule were otherwise, a plaintiff could just 'restyle a complaint charging a trial failure so that it becomes a complaint charging a failure of training or supervision' and thereby 'eviscerate *Imbler*.'" *Id.* (quoting *Van de Kamp*, 555 U.S. at 347). Accordingly, the Court finds Plaintiff's claims against Defendant Trinh and the San Diego District Attorney's Office are barred by absolute immunity. Because absolute immunity bars the entirety of Plaintiff's claims, the Court need not reach Defendants' remaining arguments. The Court **GRANTS** Defendants' Motion and **DISMISSES WITH PREJUDICE** Plaintiff's claims with regard to the San Diego District Attorney's Office.

### III. Plaintiff's Pending Motions

Plaintiff has filed several motions that the Court briefly addresses. First, Plaintiff filed a motion for summary judgment, (ECF No. 77). Defendants filed an Opposition brief, (ECF No. 79), in which they argue, *inter alia*, that Plaintiff's motion cannot succeed because he is not entitled for judgment as a matter of law, (*id.* at 3 (citing Fed. R. Civ. P. 56(a))). The Court agrees; Plaintiff's claims are barred by absolute immunity and he cannot

---

[4] Even if the Court were to construe Plaintiff's allegations as a *Monell* theory of liability, *see Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658 (1978), they cannot succeed. "An agency or department of a municipal entity is not a proper defendant under § 1983." *Boyd v. City of Oceanside Police Dep't*, No. 11-CV-3039 LAB WMC, 2012 WL 993402, at *4 (S.D. Cal. Mar. 23, 2012) (citing *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996)). Plaintiff cannot maintain a section 1983 suit against the San Diego District Attorney's Office; he could only maintain a § 1983 claim against the County of San Diego. To plead municipality liability, Plaintiff must allege: (1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy was the "moving force behind the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir.1996). Here, Plaintiff has not alleged any policy; instead, he alleges that the San Diego District Attorney's Office made prosecutorial decisions in his case, which is why the Court applies *Van de Kamp* in the first instance.
  A separate reason for absolute immunity also applies in this case. When a county district attorney acts in her prosecutorial capacity then she acts on behalf of the State. *See Weiner v. San Diego Cnty.*, 210 F.3d 1025, 1030 (9th Cir. 2000). And, therefore, California district attorneys possess Eleventh Amendment immunity when "acting in [their] prosecutorial capacity." *Del Campo v. Kennedy*, 517 F.3d 1070, 1073 (9th Cir. 2008) (alteration in original) (quoting *Weiner*, 210 F.3d at 1028; and citing *Pitts v. Cnty. of Kern*, 17 Cal. 4th 340 (1998)).

prevail as a matter of law. The Court **DENIES** Plaintiff's motion for summary judgment, (ECF No. 77). Second, Plaintiff filed an *ex parte* motion for FRCP 201 Judicial Notice and FRCP 57 Declaratory Decree, (ECF No. 81). Plaintiff requests declaratory relief in addition to his requested relief in his complaint. However, Plaintiff cannot maintain a civil lawsuit against Defendants and the Court **DENIES** his ex parte motion, (ECF No. 81).

Third, Plaintiff filed an *ex parte* motion for FRCP 19 Compulsory Joinder of San Diego City Attorney, (ECF No. 94). Plaintiff requests to join as new party the San Diego Office of the City Attorney under Federal Rule of Civil Procedure 19. (*Id.* at 2.) Plaintiff states that a non-party John Gregory Unruh,[5] his former father-in-law, is providing false or misleading statements to the City Attorney's Office, which have resulted in further criminal proceedings initiated against him. (*See id.* at 3 ("Defendant Greg, through the San Diego City Attorney, has now brought a Ca [Penal Code] § 166a charge against the Plaintiff . . . .").) Because absolute immunity bars maintenance of a suit in its entirety, Plaintiff cannot join a party to claims against Defendants. If the Court were to construe Plaintiff's motion as a request for leave to amend, such an amendment would be futile. The City Attorney is functionally performing prosecutorial functions. Adding a defendant who is performing prosecutorial functions would be barred under absolute immunity. *See King v. Nat'l Futures Ass'n*, 189 F.3d 473, 1999 WL 510945, at *1 (9th Cir. 1999) (unpublished decision) ("In any event, his proposed addition of [a National Future Association] attorney as a defendant would have been futile because officials performing quasi-judicial functions are entitled to absolute immunity." (citing *Fry v. Melaragno*, 939 F.2d 832, 836 (9th Cir. 1991))); *Shapiro v. City of Carlsbad*, No. 11-cv-1080 DMS (MDD), 2011 WL 6099565, at *2 (S.D. Cal. Dec. 7, 2011) (finding amendment would be futile to

---

[5] Plaintiff's motion describes Mr. Unruh as a defendant. (*See generally* ECF No. 94.) Mr. Unruh was a defendant in Plaintiff's prior complaints, but was removed from his operative third amended complaint. Therefore, he is not a named defendant. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . ."). Claims that are voluntary dismissed are considered waived if not repled in a subsequent complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). By failing to name Mr. Unruh in his third amended complaint, Plaintiff waived his claim against him.

add individual defendants where they would be absolutely immune from malicious prosecution claims (citing Cal. Gov't Code §821.6; and *Asgari v. City of Los Angeles*, 15 Cal. 4th 744, 753 n.7 (1997))). Accordingly, the Court **DENIES** Plaintiff's *ex parte* motion, (ECF No. 91).

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss, (ECF No. 76). Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's Third Amended Complaint, (ECF No. 72). Because Defendants have absolute immunity, further amendment of Plaintiff's claims would be futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (noting denial of leave to amend is not an abuse of discretion where further amendment would be futile). Additionally, the Court **DENIES** Plaintiff's pending motions, (ECF Nos. 77, 81, 94). The Clerk **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: September 4, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge